IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN ROBERT WILLIAMS, III, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: DLB-20-905 |
| OFFICER WYNDER, | * | |
| OFFICER FARRELL, | | |
| | * | |
| Defendants. | | |
| | * | |

**MEMORANDUM**

Pending in this civil rights case is defendants' second motion to dismiss or for summary judgment. ECF 33. Self-represented plaintiff John Robert Williams, III filed an opposition and a verification of his complaint. ECF 35, 36. Defendants filed a reply, and plaintiff filed a surreply. ECF 38, 39. No hearing is necessary to resolve the matters pending. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, defendants' motion is denied. Additionally, Mr. Williams' motion to appoint counsel, ECF 8, is reconsidered. The order denying it, ECF 11, is vacated, and the motion is granted. After an attorney is appointed, the parties will submit a proposed schedule for the completion of discovery.

**I.      Background**

Mr. Williams claims that defendants, Officers Wynder and Farrell, assaulted him in his cell on April 6, 2019 when he was a pretrial detainee at Prince George's County Department of Corrections. The Court summarized his claims in its Memorandum Opinion denying defendants' first motion to dismiss or for summary judgment, and the claims need not be repeated in detail here. *See Williams v. Wynder*, No. DKC-20-905, 2021 WL 2784301, at *1–3 (D. Md. July 2, 2021). Relevant to the pending motion is Mr. Williams' claim that, after the assault, he was taken

"to a different housing unit that is designated for 'lock-up.'" *Id.* at *1 (quoting ECF 1, at 3). Mr. Williams alleges that, while in that housing unit, "he was denied grievance forms." *Id.* He also states that "he has never seen an officer give an inmate a grievance form while he was at the detention center." *Id.* He further states that grievance forms "are virtually impossible to obtain." ECF 1, at 5.

In their first dispositive motion, defendants argued that Mr. Williams did not exhaust his administrative remedies. ECF 21. Mr. Williams contended, consistent with his complaint, that he was denied access to forms required to pursue administrative remedies. ECF 23. The Court denied defendants' motion, reasoning:

> Defendants assert that the absence of any specific allegation by Mr. Williams that a particular staff member refused to provide him with forms or that he attempted to secure an informal resolution on a specific date with a specific staff member, is evidence that Mr. Williams simply chose to forego the entire process prior to filing this lawsuit. Mr. Williams states in his declaration that his allegation in the complaint that grievance forms are unavailable in the detention center is true. ECF No. 24. He claims that the issue regarding the lack of access to grievance forms was investigated by Internal Affairs after he was interviewed on May 2, 2019, but he does not explain what he said about it or how it was handled by the officers investigating his claim. *Id*.
>
> The evidence before the court establishes that Mr. Williams never filed a grievance the entire time he was incarcerated at the detention center. While Defendants cite this fact as weighing in their favor, the absence of any grievances from Mr. Williams also supports his claim that grievance forms are impossible to obtain. Defendants do not provide evidence regarding the number of grievances filed by inmates confined to the detention center, making it impossible to discern if the process is in fact available to the inmate population. It is incumbent upon Defendants to demonstrate that Mr. Williams did not avail himself of an administrative remedy procedure that was available to him. *See* [*Jones v.*] *Bock*, 549 U.S. [199] at 216 (exhaustion is not a pleading requirement but an affirmative defense), *see also Custis* [*v. Davis*], 851 F.3d [358] at 363 (District Court erred in sua sponte dismissal of complaint where exhaustion issue was unclear and administrative remedies may have been unavailable). Defendants have failed to demonstrate that fact, therefore their motion shall be denied.

*Williams*, 2021 WL 2784301, at *5.

Defendants now attempt to fortify their argument that Mr. Williams simply chose not to avail himself of administrative remedies before filing suit. They provide a second declaration from Acting Deputy Director Gregory Smith, the Grievance Coordinator for the Prince George's County Department of Correction, who asserts that "16 grievance forms were filed by detainees who occupied the same housing unit as Mr. Williams and 26 grievance forms were filed by detainees who were housed in other units." ECF 33-2, at 2, ¶ 9. He attached 10 grievances to his declaration. ECF 33-2, at 14–23.

In response, Mr. Williams asserts that none of the grievances attached to Smith's declaration was filed by a detainee in housing unit 5, where Mr. Williams was confined following the alleged assault. ECF 36, at 1, ¶ 3; *see* ECF 33-2, at 14–23 (grievances).

With their reply, defendants provide yet another declaration from Smith, along with two grievance forms that detainees in housing unit 5 filed. ECF 38-1, at 2, ¶¶ 7–8 and 5–6 (grievances). One grievance is dated December 13, 2015, and the second is dated May 16, 2019. *Id*. at 5–6. The grievances are illegible, but the responses indicate they concern sick call slips and an escort to the medical unit. *Id.* Defendants insist the forms are proof that Mr. Williams and detainees in housing unit 5 could obtain grievance forms. ECF 38-1, at 2.

Mr. Williams filed a surreply, ECF 39, which the Court accepts as filed because the defendants' reply raised new issues. *See* Loc. R. 105.2(a) (D. Md. 2021); *Cordish Cos. v. Affiliated FM Ins. Co.*, No. ELH-20-2419, --- F. Supp. 3d ----, 2021 WL 5448740, at *5 (D. Md. 2021). He maintains that, even if two other individuals on housing until 5 had access to and filed grievances over the course of three and a half years, he "was DENIED Grievance Forms" and defendants have not identified any grievances that "equates the specific gravity and malicious nature of the Plaintiff's Civil Action Complaint against Defendants." ECF 39, ¶¶ 3, 6.

3

## II.     Standard of Review

Defendants moved to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56. When the parties present evidence with their briefs on a Rule 12(b)(6) motion and the Court considers the evidence, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Plaintiff received sufficient notice that defendants' motion may be treated as a summary judgment motion. The Court sent notice advising plaintiff about the possibility that the motion could be construed as one for summary judgment and could result in dismissal of his complaint. ECF 34. Moreover, the motion itself, identifying summary judgment as possible relief, provided sufficient notice for the plaintiff to have a reasonable opportunity to present relevant evidence in support of his position. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Thus, the Court is satisfied that plaintiff has been advised that defendants' motion could be treated as one for summary judgment and that he has been given a reasonable opportunity to present materials in response to the motion. The Court will resolve the motion under Rule 56.

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in support of its position. Fed. R. Civ. P. 56(c)(1)(A). Then, "[t]o avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *Perkins v. Int'l Paper*

*Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment. *Id.* at 251.  The Court "should not weigh the evidence." *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249).  However, if "a party fails to establish the existence of an element essential to that party's case" or "'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party,'" then summary judgment is proper. *Id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  In ruling on a motion for summary judgment, this Court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party." *Perkins*, 936 F.3d at 205 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)).

**III.   Discussion**

In denying defendants' first dispositive motion, this Court explained the affirmative defense of failure to exhaust administrative remedies at length. *See Williams*, 2021 WL 2784301, at *2–4.  As more fully discussed in the previous decision, if Mr. Williams has not properly presented his claim through an available administrative remedy procedure, any complaint based on that claim must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. *See Ross v. Blake*, 136 S. Ct. 1850 (2016) (exhaustion is mandatory).  But, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 136 S. Ct. at 1855.  For example, "if a prisoner, through no fault of his own, was prevented from availing himself of [an administrative remedy]," then it was not "available" to him. *Moore v. Bennette*,

517 F.3d 717, 725 (4th Cir. 2008). To be "available," the remedy must be "'capable of use' to obtain 'some relief for the action complained of.'" *Ross*, 136 S. Ct. at 1859 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). An administrative remedy is unavailable, and an inmate's duty to exhaust available remedies "does not come into play," if "(despite what regulations or guidance materials may promise) [the remedy] operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates" or if the "administrative scheme [is] so opaque that . . . . no ordinary prisoner can discern or navigate it." *Id.* An administrative remedy also is unavailable if "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860.

Viewing the evidence in the light most favorable to Mr. Williams, the Court finds there is a genuine dispute of material fact regarding whether administrative remedies were available to Mr. Williams while he was housed in housing unit 5 following the alleged attack. The existence of a mere two grievances filed nearly four years apart by detainees confined to housing unit 5 does not establish that administrative remedies were available to Mr. Williams when he was confined to the same unit. Indeed, the two grievances raise more questions than answers. It is curious that only two grievances were filed in a housing unit over a four-year period. And the two grievances involved relatively minor medical issues, which begs the question why more serious grievances were not filed. Certainly, the more recent grievance, dated May 16, 2019, was filed just over one month after the alleged attack against Mr. Williams, which suggests that, to some extent, grievances were available on housing unit 5 at the time. ECF 38-1, at 6. Yet, Mr. Williams insists in his verified complaint and by affidavit that he "was refused the opportunity to file a Grievance." ECF 1, at 2; ECF 24; ECF 35. Based on the record evidence developed thus far, there is a genuine

dispute of material fact as to whether administrative remedies were available to Mr. Williams after the alleged attack. Defendants' request for judgment as a matter of law is unwarranted.

Accordingly, by separate order which follows, defendants' motion shall be denied.

February 3, 2022  
Date

_____  
Deborah L. Boardman  
United States District Judge